IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PROPAK LOGISTICS, INC. and
THE CINCINNATI INSURANCE
COMPANY, INC.                                                                                      PLAINTIFFS

v.                                        Case No. 2:11-CV-02202

LANDSTAR RANGER, INC.                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs' Motion to Remand due to Lack of Subject Matter Jurisdiction (Doc. 7) and Brief in Support (Doc. 8); and Defendant's Response (Doc. 9) and Brief in Support (Doc. 10). For the reasons described herein, Plaintiffs' Motion to Remand (Doc. 7) is **DENIED**.

**I. Background**

Plaintiff Propak Logistics, Inc. ("Propak") is a company that provides brokerage services for motor carrier transportation. On or about July 2008, Propak and Defendant Landstar Ranger, Inc. ("Landstar"), a motor carrier, entered into a contract for motor carrier transportation services. (Doc. 4, para. 11). On or about April 7, 2010, Propak brokered an agreement between its client, Pace Edwards, and Landstar, to transport Pace Edwards' cargo from Fort Smith, Arkansas, to Centralia, Washington. *Id.* at para. 19. Two bills of lading were associated with the April 7 transportation agreement concerning Pace Edwards and Landstar.

Propak alleges that the cargo that was the subject of the April 7 agreement sustained moisture damage during transport. Propak blamed Landstar for failing to properly protect the cargo with standard tarping and binding procedures. *Id.* at paras. 25-28. On behalf of its client Pace Edwards,

Propak filed a claim with Landstar for costs due to repairs needed for the damaged cargo. On or about July 15, 2010, Landstar denied the claim for reimbursement. Thereafter, Propak renewed its claim for damages, and again Landstar denied the claim. *Id.* at paras. 30-32.

After Landstar denied Propak's claim, Propak contacted Propak's insurer, Cincinnati Insurance Company, Inc. ("Cincinnati"), and made a claim for damages. Cincinnati approved the claim and supplied insurance funds to Propak, which Propak then used to reimburse Propak's client, Pace Edwards, for the damaged cargo. Cincinnati thus became subrogated to Pace Edwards' right of recovery against Landstar. *Id.* at para. 34.

Propak and Cincinnati now assert a claim for damages against Landstar in the amount of $41,146.00, plus pre- and post-judgment interest. *Id.* at para. 35. The Complaint alleges that Landstar breached the April 7 agreement with regard to the transportation of the items listed in the bills of lading. The Complaint also alleges that Landstar violated the Arkansas Deceptive Trade Practices Act by falsely representing the standard practices it used in its shipping services.

Plaintiffs filed their original Complaint in Sebastian County Circuit Court on September 21, 2011. Propak then removed the case to this Court on October 21, 2011, asserting that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs shippers' recoveries against carriers for damage to transported cargo, preempted Plaintiffs' state law claims. Plaintiffs then filed a Motion to Remand (Doc. 7) on November 16, 2011, contending that the Carmack Amendment did not apply to Plaintiffs' claims and that the matter should be remanded to state court.

**II. Legal Standard**

Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413,

49 L.Ed.2d 276 (1976). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The federal court has original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). In the instant dispute, Defendant claims as the basis for removal and federal jurisdiction the complete preemption of Plaintiffs' state law claims.

**III. Discussion**

Plaintiffs contend that the Carmack Amendment to the Interstate Commerce Act does not apply to preempt their state law claims because the contract dispute at the heart of the Complaint is between a broker and a motor carrier, rather than a shipper or supplier of goods and a motor carrier. Plaintiffs argue that the Carmack Amendment only applies to disputes between shippers and carriers. This interpretation, however, is exceedingly literal and violates the spirit of the law.

In general, the Carmack Amendment preempts state law causes of action if they involve the loss of goods or damage to goods caused by the interstate shipment by a common carrier. *Fulton v. Chicago, Rock Island and Pac. R.R. Co.*, 481 F.2d 326 (8th Cir. 1973); *Cont. Grain Co. v. Frank Seitzinger Storage, Inc. v. Burlington Northern Railroad Co.*, 837 F.2d 836 (8th Cir. 1988). "With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a

nationally uniform policy governing interstate carriers' liability for property loss." *New York, N.H. & Hartford R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953).

There are relatively few cases discussing Carmack Amendment preemption for brokers' claims against carriers. Those cases that exist specify that only claims based on separate contractual obligations between brokers and carriers – unrelated to the bills of lading or claims for damage to goods due to a carrier's negligent transport – will survive preemption. *See Dominion Resource Services, Inc. v. 5K Logistics, Inc.*, 2010 WL 679845, *5 (E.D. Va. Feb. 24, 2010) (broker's claim can only survive preemption if carrier has committed wrongdoing "independent of its obligation as a carrier"); *InTransit, Inc. v. Excel North Am. Road Transport, Inc.*, 426 F.Supp.2d 1136, 1141 (D.Or. 2006) (broker's claim survived preemption based on direct contractual indemnity, not assignment of rights by shipper); *Transcorr Nat. Logistics, LLC, v. Chaler Corp.*, 2008 WL 5272895, *4 (Dec. 19, 2008 S.D. Ind.) (broker's claim survived preemption because broker did not sue on behalf of or take over the claim of its shipper-customer); *Lexington Ins. Co. v. Daybreak Express, Inc.*, 391 F.Supp.2d 538 (S.D.Tex. 2005) (insurer, as subrogee of shipper's claims, survived preemption by demonstrating that claim for damages was not based upon interstate transport of goods, but upon breach of a settlement agreement). *See also Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997) (only separate harms, unrelated to loss or damage of goods, survive Carmack Amendment preemption); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (claim by shipper for intentional infliction of emotional distress survived preemption, as claim did not involve loss or damage to goods); *Ducham v. Reebie Allied Moving and Storage, Inc.*, 372 F.Supp.2d 1076 (N.D. Ill. 2005) (shipper's fraud and duress claims survived Carmack Amendment preemption because they were unrelated to loss of goods).

Plaintiffs referred the Court to the case of *InTransit, Inc. v. Excel North Am. Road Transport, Inc.*, 426 F.Supp.2d 1136, 1141 (D. Or. 2006), for the proposition that a claim for damages made by a broker, rather than a shipper, would not fall under the ambit of the Carmack Amendment. However, the facts at issue in *InTransit* are inapposite to those present in the case at bar. In the *InTransit* case, a district court in Oregon found that the Carmack Amendment did not preempt a broker's claim against a carrier because the broker's claim was "for direct contractual indemnity and not from an assignment of rights by the shipper." *Id.* at 1141. The *InTransit* court specifically noted that the Carmack Amendment did not preempt the claim at issue because it was "sufficiently removed from a shipper or some other party who has rights under the bill of lading to sue a carrier for damage to goods shipped." *Id.* However, it is clear in the case at bar that Plaintiffs' claims arise from the bills of lading due to alleged damage to certain goods shipped by Defendant Landstar. Furthermore, the broker in the instant dispute, Propak, asserts its claims for damages along with Cincinnati, Propak's insurer, pursuant to a clear assignment of rights by the shipper, Pace Edwards.

The Carmack Amendment, which serves to secure the rights of shippers who have suffered losses due to a negligent carrier's handling of an interstate shipment of goods, applies when a broker or other party steps into the shoes of a shipper and asserts a claim for damages pursuant to a bill of lading for the transportation of goods. *See Windows, Inc. v. Jordan Panel System Corp.*, 177 F.3d 114, 118 (2nd Cir. 1999) ("Suits under the Carmack Amendment may be brought against a carrier by any person entitled to recover in the carrier's bill of lading"); *Transcorr Nat. Logistics, LLC, v. Chaler Corp.*, 2008 WL 5272895, *4 (S.D. Ind. Dec. 19, 2008 ) ("It is possible that a broker might bring a claim against a carrier under the Carmack Amendment on behalf of the shipper under a bill of lading, such as by subrogation"); *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 2007 WL

854005 (S.D. Ill. Mar. 16, 2007) (Carmack Amendment preempts state law claims when broker paid shipper-customer for damaged goods and sued carrier for reimbursement).

In the instant matter, it is clear that the Carmack Amendment completely preempts Plaintiffs' state law claims.  By the plain language of the Complaint, Plaintiffs have become subrogees of the shipper, Pace Edwards, that is named in the bills of lading at issue.  Having stepped into the shoes of Pace Edwards, Plaintiffs' claims against Landstar, the carrier, arise entirely out of the alleged damage sustained to Pace Edwards' goods shipped via interstate commerce.  No exception applies here to avoid federal preemption under the Carmack Amendment; therefore, jurisdiction of this case shall remain in this Court pursuant to 28 U.S.C. §1331.

### IV. Conclusion

Though Plaintiff Propak is a broker and Plaintiff Cincinnati is an insurance company, both Plaintiffs have jointly assumed the claims for damages that were incurred by the shipper named in the bills of lading at issue.  Plaintiffs have therefore subrogated the shipper's claims for damages arising from Defendant Landstar's alleged negligent transport of goods.  Accordingly, the Carmack Amendment governs this entire dispute and provides the Court with proper federal question jurisdiction.  Plaintiffs' Motion to Remand due to Lack of Subject Matter Jurisdiction (Doc. 7) is therefore **DENIED**.

IT IS SO ORDERED this 29th day of March, 2012.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE